BERRY *vs.* CARTER et ux.

1. To say, of a woman, " she is not chaste, and I have kept her; I have had criminal conversation with her;" or, "I have had sexual intercourse with her," do not import the offence made indictable by the statutes of this State:\* consequently these words are not actionable, in this State, *per se.*

Error to the Circuit Court of Bibb.

Samual Carter and Sabina, his wife, declared against Presly A. Berry, in custody, &c., in a plea of trespass on the case, &c. For that, whereas the said Sabina, being a good, true, honest, just and faithful citizen of this State; and as such, having always behaved and conducted herself; and, until the grievances committed by the said defendant, was always reputed, esteemed and accepted among her neighbors, and other good and worthy citizens of this State: and, whereas the said Sabina had not been guilty, or suspected to have been guilty, of the crime of adultery—yet, the said defendant, well knowing the premises, but greatly envying the happy state and condition of the plaintiff, and contriving and maliciously intending to injure the said Sabina, in her good name, fame and credit; and to bring her into public scandal, infamy and disgrace, with and among all her neighbors, and other good citizens of this State, and to cause it to be suspected and believed by those neighbors, that she, the said Sabina, had been, and was guilty of adultery; and to subject her to the pains and penalties, by the laws of this State made

\*Aikin's Digest, 108, §43.

and provided against, and inflicted upon persons guilty thereof—theretofore, to wit, &c., in a certain discourse, which he, the said defendant, then and there had, in the presence and hearing of divers good citizens, falsely and maliciously spoke and published, of and concerning the said Sabina, these false and scandalous, malicious and defamatory words, to wit—"She," (meaning the said Sabina,) " is not chaste, and I," (meaning the said defendant,) " have kept her. I," (meaning the said defendant,) "have had criminal conversation with her," (meaning the said Sabina.)

And afterwards, &c., the said defendant, contriving &c. as aforesaid, in a certain other discourse, held in the presence and hearing of other good citizens, and in the presence of one J. M., falsely and maliciously spoke and published of and concerning the said Sabina, these other false, scandalous, malicious and defamatory words, to wit:  " She, (meaning the said Sabina,) "is not chase, and I," (meaning the said defendant,) " have kept her," (meaning the said Sabina,) intending thereby, to charge the said Sabina with the crime of adultery.

And afterwards, &c., the said defendant, in a certain other discourse, then and there had, in the presence and hearing of one J. M., and other good citizens, the said defendant further contriving, &c. then and there falsely and maliciously spoke and published of and concerning the said Sabina, these other false, scandalous, malicious and defamatory words, to wit—" I," (meaning the said defendant,) " have kept her," (meaning the said Sabina.)  " I," (meaning the said defendant,) "have had sexual intercourse

with her," (meaning the said Sabina;) meaning to charge the said Sabina with the crime of adultery. By means, whereof, &c.—(the usual conclusion,) to the damage of the said Carter and wife, the sum of ten thousand dollars.

To this declaration, the defendant, by his counsel, filed a demurrer, which being seen and inspected by the Court, and overruled; and the defendant refusing to plead over, thereupon came a jury, who assessed the plaintiffs' damages, by reason, &c., to the sum of five hundred dollars.    And the defendant took a writ of error.

*Clark*, for plaintiff in error—*Freeman*, contra.

TAYLOR, J.—It is admitted, that the words charged as slanderous, are not actionable, *per se*, unless they import the offence which is made indictable by the second section of the act of 1812, entitled, " an act to amend the act for the punishment of crimes and misdemeanors."[a]                                      [a] Toul.Dig. 224

That section makes it punishable, by a fine of not less than one hundred dollars, for " any man and woman to *live together*, in adultery or fornication."—The *living together*, is an essential part of the offence, without which no indictment could be sustained under this section.    It would be a strained construction to affix this meaning to the words charged in the declaration.    The common understanding of mankind would not receive them, in this sense.    It is useless to analyse the expressions to prove this—the enunciation of them renders it as obvious as any reasoning could do.

It must be a great gratification of the defendants in error, however, that they have really effected every thing which would be important to them, by the action. The cause has been submitted to a jury, and a verdict returned for five hundred dollars damages—thus, manifesting the purity of Mrs. Carter's character; and fixing the offence of moral, although not legal slander upon the plaintiff in error.

The judgment is reversed.