# Johnson *v.* Turner.

## *Libel and Slander.*

### (Decided Nov. 19, 1908. 47 South. 570.)

1. *Libel and Slander; Construction of Language Used.*—In constru-ing or interpreting alleged defamatory language, the whole expres-sion must be considered in the light of the common acceptation of the terms employed, as they are colored, emphasized or qualified by the context.

2. *Words and Phrases; "Misappropriation."*—Although the word "misappropriation" is susceptible of the meaning of dishonesty, em-bracing embezzlement, yet when considered alone the word does not, in all cases, necessarily mean dishonesty.

3. *Libel and Slander; Actionable Words; Imputing Moral Turpi-tude.*—Words spoken of a person that he had destroyed a docket or public record belonging to the mayor's office to cover up evidence of his misappropriation of public funds and fines belonging to the town were defamatory per se as imputing moral turpitude.

4. *Pleading; Objections to Complaint; Mode.*—Demurrer only lies to raise the question as to whether or not elements of damages claim-ed, are sufficiently and definitely enough laid; not as to whether they are recoverable; so objection thereto should be taken by motion to strike, objecting to evidence or requested instructions.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action for slander by J. A. Turner against R. E. John-ston. Judgment for plaintiff, and defendant appeals. Affirmed.

ALLEN & FORT, for appellant. The court erred in over-ruling demurrers to the 3rd count as originally filed and as amended.—20 A. & E.Ency of Law, 799; *Gaither v. Advertiser Co.,* 102 Ala. 463. Plaintiff in a slander or libel action is not entitled to recover damages for bodily suffering.—*Dixon v. Smith,* H. & N. 450; *Herrick v. Latham,* 10 John 281; *Beech v. Reine,* 2 Hill. 301; *Wil-son v. Goit,* 70 N. Y. 443; *Adams v. Smith,* 58 Ill. 421;

*Butler v. Hoboken,* 2 Atl. 272; 25 Cyc. 534; 18 A. & E. Ency of Law, 888. Counsel discuss the assignments of error relative to the exceptions as to evidence but cite in support of their contention no authority.

R. J. WHEELER, and ARTHUR L. BROWN, for appellee. The declaration made in the complaint was actionable. —*Gaither v. Adv. Co.,* 102 Ala. 463; *Wofford v. Meeks,* 129 Ala. 349. Counsel discuss other assignments of error, but without citation of authority.

McCLELLAN, J.—The third count, as originally filed, is as follows: "Plaintiff claims of defendant the like sum of ten thousand dollars, damages for falsely and maliciously charging the plaintiff with the destruction of a certain book or docket or public record belonging to the office of the mayor of Adamsville, by speaking of and concerning him in the presence of divers persons, in the year 1904, in substance as follows: 'Turner has destroyed the docket in order to cover up the evidence of his misappropriation of public funds and fines belonging to the town of Adamsville.' " The appellant insists that the matter complained of is not defamatory per se, and that to render the count good against demurrer it would be necessary to aver extrinsic facts and circumstances, as well as special damages. This criticism of the count is spoken by appropriate demurrer.

The occasion does not require a general consideration of the law applicable to actionable defamation. Our previous decisions sufficiently, for the present purpose, cover that field. The sole question, on this count, is one of interpretation of the language ascribed to the defendant (appellant). To such purpose we must consider the whole expression imputed, and read the whole matter in the light of the general, common acceptation

of the terms employed, as well, as they are colored, emphasized, or qualified by the context in which appearing. In *Wofford v. Meeks,* 129 Ala. 357, 30 South. 627, 55 L. R. A. 214, 87 Am. St. Rep. 66, is quoted, from *Peake v. Oldham,* 1 Cowp. 275, this wholesome expression: "When words from their general import appear to have been spoken with a view to defame a party, the court ought not to be industrious in putting a constructior upon them different from what they bear in the common acceptation and meaning of them." Character, whether personal or in trade or profession, is too dear, and wrongful and damnifying aspersion thereof too easily accomplished, to justify the courts in reading to innocence expressions which, in the common acceptation, are defamatory. As indicated by the rule of construction in such cases, summarily stated above, we cannot de termine the question presented on this matter by reference alone to the meaning of the word "misappropriation." On the contrary, that term must be taken, in meaning, in connection with its associates in expression. If, however, we adopt, for the occasion, the definition of the term pressed upon us by counsel for appellant, viz., "The wrongful conversion of or dealing with any thing by the person to whom it has been intrusted," a full answer is afforded to appellant's argument that· no relation of trust on the part of Turner with respect to the "public funds and fines" of the municipality is shown by the count; and, without controlling the conclusion here, it may be conceded that, considered alone, the word does not necessarily, in all case, mean dishonesty. That it is susceptible of imputing a meaning of dishonesty, embracing embezzlement, is true.—*Hana v. DeBlaquiere,* 11 U. C. Q. B. 314; 5 Words & Phases, p. 4529. See, also, related words on the cited page.

[Johnson v. Turner.]

Ascribing to the term just discussed the most innocent of its meanings, in common acceptation, we are of the opinion that the gravamen of the charge borne by the whole expression quoted in the count is that Turner destroyed the evidence of his wrongful conversion of or dealing with the "public funds and fines" belonging to the town of Adamsville in order to cover up, with the purpose to hinder, if, indeed, not to render impossible, the detection or ascertainment of his misconduct, innocent of peculation though it was. Does this involve a charge of moral turpitude? We entertain no doubt that it does. That it imputed a species of dishonesty of a highly depraved character cannot be doubted. Whether these misappropriated funds were in his hands for public purposes or not, whether they lawfully passed to his custody or not, the public record, the docket, affording evidence of his misconduct, should have been as sacred from destruction as the public funds should have been free from criminal appropriation. In fact, to the man innocent of criminal wrong in the handling of funds the faithful presevation of the evidence of his dereliction is often the highest testimonial of his purity; whereas, the willful destruction, as was imputed to have been accomplished by Turner in the matter quoted in the count, for the purpose of shielding himself, of the evidence from which even his innocent wrong could be discovered, not only ascribes moral depravity to his conduct in his destroying act, but also has the immediate and natural tendency and effect to impute to what may have been void of criminality, dishonsety, or peculation, if only described as misappropriation of funds, a dishonesty equivalent to embazzlement or larceny, for the reason that invariably the ordinary mind draws from such acts the inevitable conclusion that innocence does not dictate such precautions to its vindication or protection. The relation ordinarily prevailing between

such conduct as was charged against Turner in the misappropriation of the public funds and fines intrusted to him and the destruction of the evidence thereof leave, it seems to us, no room for cavil that the common mind could take no other meaning therefrom than that dishonesty, not innocence of moral wrong, promoted the removal of the evidence against him. So understood, so interpreted, we must hold that count 3 as originally filed, and, in consequence, count 3 of the complaint as amended, alleged language actionable per se, and hence are not subject to the demurrer treated, thus affirming the court below in its ruling in this regard.

Demurrer was interposed to the third count of the amended complaint, taking the point that in this character of action damages for physical pain and injury, claimed in the count, are not recoverable. This objection, as is the unvarying practice, should have been taken by motion to strike or by charges to the jury. Where questioned elements of damages are too indefinitely or uncertainly claimed, demurrer will be servicable to raise the inquiry; not so otherwise.—*City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389.

The errors assigned upon the two rulings with respect to testimony are without merit. The trial court doubtless properly exercised its discretion in the allowance of the leading question quoted in assignment numbered 3. The fourth assignment is not supported by the record, in that the agreed bill of exceptions shows that a part only of the answer was moved to exclusion, whereas the assignment embraces the entire response of the witness, the first phrase of which is unobjectionable.

We discover no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.