(114 So. 357)

### MARION v. DAVIS. (7 Div. 747.)

Supreme Court of Alabama. Nov. 3, 1927.

**1. Libel and slander** ⬤⇒7(16)—**Man's right to recover for words falsely imputing want of chastity depends on common law (Code 1923, § 7359).**

Although, under Code 1923, § 7359, words falsely imputing to woman want of chastity, whether oral or written, are actionable per se, man's right to recover for such words depends on rules of common law.

**2. Constitutional Law** ⬤⇒83(1)—**Good reputation is element of personal security, protected by Constitution (Const. 1901, § 13).**

Good reputation is element of personal security, and is protected by Const. 1901, § 13, equally with right to enjoyment of life, liberty, and property.

**3. Libel and slander** ⬤⇒69—**Foundation of libel or slander action is malicious injury to reputation.**

Foundation of action for libel or slander is malicious injury to reputation.

**4. Libel and slander** ⬤⇒7(1)—**False and malicious imputation of crime or moral delinquency, subjecting person to disgrace, ridicule, odium, or contempt, damaging reputation, is "actionable per se or per quod."**

Any false and malicious imputation of crime or moral delinquency, published of and con-

cerning another, subjecting him to disgrace, ridicule, odium, or contempt, in estimation of friends and acquaintances or public, with resulting damage to his reputation, is "actionable per se or per quod."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actionable per se.]

**5. Libel and slander** ⬤⇒68—**Distinction between actions for libel and those for slander, is merely in respect as to whether imputed language or words are actionable per se.**

Distinction between actions for libel based on written or printed malicious aspersions of character, and actions for slander resting on oral defamation, is merely in respect to question as to whether imputed language or words are actionable per se.

**6. Libel and slander** ⬤⇒16—**In libel action, if language used exposes person to public ridicule or contempt, though not charging crime, it is "actionable per se."**

In libel case, if language used exposes plaintiff to public ridicule or contempt, though not embodying accusation of crime, law presumes damage to reputation, and holds it "actionable per se."

**7. Libel and slander** ⬤⇒7(1)—**Slander, to be "actionable per se," must impute indictable offense, involving infamy or moral turpitude.**

To constitute slander "actionable per se," there must be imputation of indictable offense involving infamy or moral turpitude.

**8. Libel and slander** ⬤⇒100(2)—**In action for slander, if words do not impute indictable offense involving infamy or moral turpitude, plaintiff must allege and prove special damages.**

In action for slander founded on oral malicious defamation, subjecting plaintiff to disgrace, ridicule, odium, or contempt, if words do not impute commission of indictable offense involving infamy or moral turpitude, plaintiff must allege and prove special damages.

**9. Libel and slander** ⬤⇒6(1)—**Effect and tendency of language used is criterion to determine its actionable quality in libel or slander case.**

In libel or slander case, effect and tendency of language used, not its form, is criterion determining its actionable quality.

**10. Libel and slander** ⬤⇒6(1)—**Words to be actionable need not make defamatory charge in direct terms, but are sufficient, if charge is made indirectly or by necessary inference.**

In action for libel or slander, it is not necessary to render words defamatory and actionable that they make defamatory charges in direct terms, but charge may be made indirectly or by necessary inference.

**11. Libel and slander** ⬤⇒19—**In determining whether words are actionable, they are to be taken in natural meaning.**

In action for libel or slander, in determining whether words are actionable, they are to be taken in natural meaning according to sense in which they appear to have been used, and idea

<hr>

they are adapted to convey to those who heard them, and forced construction is not to be put on them to relieve the defendant from liability.

**12. Libel and slander ⬤⇒97—On demurrer to complaint for libel or slander, alleged defamatory matter must be construed with other parts of conversation or publication and circumstances thereof, if pleaded.**

On demurrer to complaint for libel or slander, alleged defamatory matter must be construed in connection with other parts of conversation or publication and circumstances of publication, if pleaded.

**13. Libel and slander ⬤⇒86(4)—Although complaint for libel or slander may contain innuendo interpreting alleged defamatory matter, if meaning thereof is enlarged, it is demurrable.**

In action for libel or slander, if words are not actionable per se, and are of doubtful meaning, or subject to two interpretations, one harmless and other injurious, pleader may by proper innuendo point out injurious tendencies, but may not enlarge meaning or give it construction beyond its natural import, and, if he does, complaint is subject to demurrer.

**14. Libel and slander ⬤⇒86(2)—If alleged defamatory matter is libelous per se, and on its face relates to plaintiff, innuendoes are unnecessary.**

In action for libel or slander, if alleged defamatory matter is libelous per se, and on its face relates to plaintiff, innuendoes are unnecessary.

**15. Libel and slander ⬤⇒80—Alleged statement that plaintiff had bad reputation about running around with young women held, on demurrer, not to impute adultery or fornication under statute (Code 1923, § 3198).**

Code 1923, § 3198, denouncing adultery and fornication, is directed against state or condition of cohabitation, and alleged defamatory statement that plaintiff had mighty bad name about running around with young women cannot be construed, on demurrer, as imputing charge of adultery or fornication, denounced by such statute.

**16. Libel and slander ⬤⇒80—Alleged statement that plaintiff wanted to come into defendant's bedroom held on demurrer not to impute charge of adultery or fornication under statute (Code 1923, § 3198).**

Code 1923, § 3198, denouncing adultery or fornication, is directed against state or condition of cohabitation, and alleged defamatory statement that plaintiff had made indecent proposals to defendant, and had wanted to come into her bedroom, on demurrer, did not impute charge of adultery or fornication, denounced by such statute.

**17. Libel and slander ⬤⇒86(2)—Alleged statement in presence of plaintiff's wife, that plaintiff had bad reputation about running around with young women, held, in absence of proper innuendo, not to state cause of action on demurrer.**

In action for slander, count setting forth alleged statement in presence of plaintiff's wife that plaintiff had bad reputation about running about with young women, causing wife to become suspicious, held on demurrer not actionable, in absence of appropriate innuendo.

**18. Libel and slander ⬤⇒80—Count alleging statement that plaintiff made indecent proposals to defendant, and wanted to come into her bedroom, held, on demurrer, not to impute adultery under statute (Code 1923, § 3198).**

Code 1923, § 3198, denouncing adultery or fornication, is directed against state or condition of cohabitation, and count in action for slander, alleging statement, in presence of plaintiff's wife, that he made indecent proposals to defendant, and wanted to come into her bedroom, held, on demurrer, not to impute to plaintiff crime of adultery, denounced by such statute.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for slander by D. F. Marion against Minnie Davis. From a judgment for defendant, plaintiff appeals. Affirmed.

Count 1 alleges that defendant falsely and maliciously charged plaintiff with adultery by speaking of and concerning him in the presence of divers persons, to wit, plaintiff's wife and others, in substance as follows: That plaintiff had a mighty bad name about running around with young women of Gadsden.

The defamatory matter alleged in count 2 is as follows:

"That plaintiff had a mighty bad name about running around with young women of Gadsden, and that he * * * had made indecent proposals to the defendant, when plaintiff's wife was away, and he * * * wanted to come into my bedroom to be with me and I referred him to the Ten Commandments, and that he would have to answer to his Lord."

Count 3 alleges that defendant falsely and maliciously charged plaintiff with having a mighty bad name about running around with young women of Gadsden, by speaking of and concerning him in the presence of divers persons, in substance as follows: The defendant told plaintiff's wife that plaintiff had a mighty bad name about running around with young women of Gadsden; and thereby caused cordial relations theretofore existing to cease, and caused plaintiff's wife to become suspicious, and destroyed or impaired love of plaintiff's wife and him, and caused the plaintiff thereby to suffer great mental anguish, to his damage, etc.

Count 4 alleges that defendant falsely and maliciously charged plaintiff with soliciting the defendant to commit the crime of adultery, by speaking of and concerning him in the presence of divers persons, his wife and others, in substance as follows:

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That the plaintiff made indecent proposals to me (meaning the defendant) when you (meaning Mrs. D. F. Marion, the wife) were away, and he * * * wanted to come into my bedroom to be with me, and I referred him to the Ten Commandments, and that he would have to answer to his Lord."

Motley & Motley, of Gadsden, for appellant.

The telling of plaintiff's wife is a sufficient publication. 36 C. J. 1226; Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L. R. A. (N. S.) 1141. Words which impute that a man has committed fornication or adultery are actionable. 36 C. J. 1179; Allen v. Fincher, 187 Ala. 599, 65 So. 946. It is not necessary, in order to constitute actionable slander, that the words should amount to a directly affirmative charge of fornication, adultery, or unchastity. Charges of unchastity against men are within the application of the rule as well as implication upon women. 36 C. J. 1176, 1173. A charge of solicitation to commit a crime may be actionable per se. The statement alleged, in the light of the circumstances shown, is either actionable per se or rendered so by the special damages shown. 36 C. J. 1153, 1162, 1198.

Alto V. Lee, of Gadsden, for appellee.

When the words complained of are susceptible of different meanings, some slanderous and others innocent, the complaint must set forth enough antecedent or attendant facts to raise the implication that the offense charged was intended. Smith v. Gaffard, 33 Ala. 168; Penry v. Dozier, 161 Ala. 292, 49 So. 909. The words "that plaintiff had a mighty bad name about running around with young women," do not impute adultery. Code 1923, § 3198; T. C. I. Co. v. Kelly, 163 Ala. 357, 50 So. 1008. The statute only makes words falsely imputing to a woman a want of chastity actionable. Code 1923, § 7359. Neither would they be actionable under the common law. Barnett v. Phelps, 97 Or. 242, 191 P. 502, 11 A. L. R. 663. The question whether a libelous signification could be attributed to the words used was properly determined by the court on demurrer. Trimble v. Anderson, 79 Ala. 514; 25 Cyc. 545. When the words used are not slanderous per se, no recovery can be had without pleading and showing special damages. Special damages to support the action are not shown. McIntyre v. Cudahy Packing Co., 179 Ala. 404, 60 So. 848; 25 Cyc. 525, 526, 530, 531.

BROWN, J. [1] Words falsely imputing to a woman a want of chastity, whether oral or written, are by statute made prima facie malicious, and are actionable per se. Code of 1923, § 7359. But we have no statute extending this degree of protection to persons of the male sex, and, in determining whether or not plaintiff has stated a cause of action in any one or more of the counts of his complaint,

we must look to the rules of the common law applicable in such cases.

[2-4] The right to the enjoyment of a private reputation, unassailed by malicious slander, is of ancient origin, and is necessary to human society. A good reputation is an element of personal security, and is protected by the Constitution equally with the right to the enjoyment of life, liberty, and property. Constitution of 1901, § 13; Newell's Slander & Libel (3d Ed.) §§ 1, 26; 36 C. J. 1148, § 11. The foundation of an action for libel or slander is a malicious injury to reputation, and any false and malicious imputation of crime or moral delinquency by one published of and concerning another, which subjects the person to disgrace, ridicule, odium, or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to his reputation, is actionable either per se or per quod. Ex parte West (Re Peinhardt v. West) (Ala. Sup.) 115 So. 88;[1] 36 Cyc. 1149, § 13; Rice v. Simmons, 2 Har. (Del.) 417, 31 Am. Dec. 766; 17 R. C. L. 264, § 4.

[5] There is a distinction between actions of libel predicated on written or printed malicious aspersions of character, and actions of slander resting on oral defamation, too well grounded in the law to be now questioned. This distinction, however, is merely in respect to the question as to whether the imputed language or words are actionable per se.

[6, 7] In cases of libel, if the language used exposes the plaintiff to public ridicule or contempt, though it does not embody an accusation of crime, the law presumes damage to the reputation, and pronounces it actionable per se. While to constitute slander actionable per se, there must be an imputation of an indictable offense involving infamy or moral turpitude. Ex parte West (Re Peinhardt v. West) supra; Rice v. Simmons, supra; 36 C. J. 1152, § 19; 17 R. C. L. pp. 263, 264, §§ 3 and 4.

[8] This distinction, however, does not deny the right to maintain an action for slander founded on oral malicious defamation subjecting the plaintiff to disgrace, ridicule, odium, or contempt, though it falls short of imputing the commission of such crime or misdemeanor. In such case the law pronounces the words actionable per quod only, and the plaintiff must allege and prove special damages as an element of the cause of action. 17 R. C. L. p. 264, § 4.

[9-11] The effect and tendency of the language used, not its form, is the criterion determining its actionable quality. It is not necessary to render words defamatory and actionable that they make defamatory charges in direct terms; they are equally actionable if the charge is made indirectly or by necessary inference, and it matters not how artful or disguised their meaning is concealed, if they are in fact defamatory.

---

[1] Ante, p. 12.

In determining their actionable character, they are to be taken in their natural meaning, and according to the sense in which they appear to have been used, and the idea they are adapted to convey to those who heard them. A forced construction is not to be put upon them in order to relieve the defendant from liability. Downing v. Wilson, 36 Ala. 717; Berry v. City of New York Ins. Co., 210 Ala. 369, 98 So. 290; Waters v. Jones, 3 Port. 442, 29 Am. Dec. 261; Phillips v. Bradshaw, 167 Ala. 199, 52 So. 662; Johnson v. Turner, 159 Ala. 356, 47 So. 570; Labor Review Pub. Co. v. Galliher, 153 Ala. 364, 45 So. 188, 15 Ann. Cas. 674; 36 C. J. 1155, § 21; 17 R. C. L. 312, 313, §§ 53, 54.

[12, 13] On demurrer to the complaint, alleged defamatory matter must be construed in connection with other parts of the conversation or publication, and the circumstances of its publication, if pleaded, and, if it is not actionable per se, and is of doubtful meaning, or subject to two interpretations, one harmless and the other injurious, the pleader may by proper innuendo interpret it by pointing out its injurious tendencies, but may not enlarge its meaning, or give it a construction beyond its natural import, and, if he does, this will render his complaint subject to demurrer. Coburn v. Harwood, Minor, 93, 12 Am. Dec. 37; Fitzpatrick v. Age-Herald Pub. Co., 184 Ala. 510, 63 So. 980, 51 L. R. A. (N. S.) 401, Ann. Cas. 1916B, 753; 17 R. C. L. 395-397, §§ 149, 150, and 151.

[14] If the alleged matter is libelous per se, and on its face relates to the plaintiff, innuendoes are unnecessary, and can serve no useful purpose. Ex parte West, supra; Commons v. Walters, 1 Port. 377, 27 Am. Dec. 635; 17 R. C. L. 396, § 150.

[15, 16] The alleged defamatory matter pleaded in counts 1 and 2 can, under no circumstances, be construed as imputing a charge of adultery or fornication as denounced by our statute. Code of 1923, § 3198. This statute, as appears from the clear import of its language and the many decisions of this court applying it, is directed against a state or condition of cohabitation, the parties intending to continue so long as they may choose, as distinguished from a single or occasional act of illicit sexual intercourse. Berry v. Garter et ux., 4 Stew. & P. 387, 24 Am. Dec. 762; Brown v. State, 108 Ala. 18, 18 So. 811.

[17] The alleged defamatory matter, the subject-matter of the third count, does not on its face impute to plaintiff a state of moral delinquency, subjecting him to disgrace, ridicule, odium, or contempt, and, in the absence of the averment of other facts showing such tendency or an appropriate innuendo so interpreting it, does not state a cause of action.

[18] While it may be that the alleged defamatory matter pleaded in count 4, taken as a whole, is subject to the interpretation of imputing to the plaintiff a state of moral delinquency subjecting him to disgrace, ridicule, odium, or contempt, and, if properly pleaded, is actionable per quod, it certainly does not impute to the plaintiff the crime of adultery, as denounced by the statute. Nor would his accomplished purpose, as evinced by the alleged solicitation made to the defendant, if she had acceded to them, and engaged with him in a single act of sexual intercourse, resulted in the commission of this offense.

We are of opinion, therefore, that the several counts of the complaint were subject to the demurrers, and that they were properly sustained.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.