This appeal arises out of a negligence action filed by Ovie O. Farmer against his employer, Machine Craft, Inc., concerning the theft of Farmer's toolbox from Machine Craft's place of business. Farmer appeals from the granting of a summary judgment in favor of Machine Craft. For the reasons stated below, we affirm
The stipulated facts indicate that Machine Craft, Inc operates a machine shop in Huntsville, Alabama. Machine Craft's place of business had been burglarized on at least two or three occasions within the past year and a half, and as a result, Machine Craft had installed a burglar alarm system in the building. The system apparently had not been functioning since its installation, a fact which was known to the management, but not to some of its employees
Ovie O. Farmer had been employed by Machine Craft as a machinist approximately one year prior to the events in question. As a condition of his employment, Farmer was required to furnish his own set of tools, which he kept in his own toolbox. The toolbox when fully loaded with tools, weighed over a hundred pounds. For the convenience of its employees, Machine Craft allowed them to leave their toolboxes at the shop overnight if they so desired. Farmer opted to leave his tools in the shop, although he knew that some of the other employees took their toolboxes home with them for the night
On the night of November 16, 1979 Machine Craft's building was burglarized in such a way that the burglar alarm system, if operative, would have sounded. Approximately $10,000.00 worth of Machine Craft's tools were stolen, along with Farmer's tools and equipment, valued at approximately $4,000.00
Farmer brought suit against Machine Craft on a bailment theory, alleging that Machine Craft had failed to exercise ordinary care in the protection of Farmer's property in neglecting to maintain the burglar alarm system in proper working order. The stipulated facts were submitted to the court on Machine Craft's motion for summary judgment. The motion was granted, and Farmer brings this appeal
The controversy raises the issue of whether the trial court properly granted Machine Craft's motion for summary judgment Under Rule 56, A.R.C.P., summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing that no genuine issue of material fact exists. Gray v. WALA-TV, 384 So.2d 1062 (Ala 1980). Whether the trial court was correct in granting the summary judgment motion depends on whether the stipulated facts before the trial court show, as a matter of law, that a bailor-bailee relationship existed
The law in Alabama concerning bailments is exceedingly sparse. We will therefore look to the common law of bailments for authority. A bailment is defined as:
 [T]he delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it [Footnotes omitted.]
8 Am.Jur.2d Bailments § 2 (1980). In order to constitute a bailment, there must be a change of possession, actual or constructive, and the bailee must have voluntarily assumed the custody and possession of the property for another. Lewis vEbersole, *Page 983 244 Ala. 200, 12 So.2d 543 (1943). Change of possession necessarily requires a change of actual or constructive control over the item of property, and there must be an intention on the part of the bailee to exercise that control. 8 Am.Jur.2dBailments § 66 (1980)
In reviewing the facts in the case at bar, we find that no bailment existed between the parties. Farmer was the sole person who could do what he wished with his toolbox; he was free to take the tools home with him for the night if he so desired. He never relinquished control of the toolbox to his employer. Further, Machine Craft never asserted any control over the toolbox to the exclusion of Farmer. Machine Craft provided no receptacles for the employees to store their tools, and did not require the employees to leave their tool-boxes overnight. Allowing the employees to leave the toolboxes was merely a convenience to the employees; Machine Craft derived no direct benefit from the privilege
We find additional support for our decision in the annotation contained in 46 A.L.R.3d 1306 (1972), and in the case ofCollins v. Boeing Co., 4 Wn. App. 705, 483 P.2d 1282, 46 A.L.R.3d 1294 (1971)
Without the existence of a bailment, Machine Craft owes no duty to Farmer for the protection of his tools. In the absence of a legally imposed duty on the part of the defendant, a plaintiff cannot prevail, as a matter of law, on a negligence action. Calvert Fire Insurance Co. v. Green, 278 Ala. 673,180 So.2d 269 (1965). Accordingly, the trial court correctly granted the summary judgment in favor of Machine Craft, Inc., and its judgment is affirmed
AFFIRMED
WRIGHT, P.J., and HOLMES, J., concur