FAIJLKNER, Justice.
Richmond Stephens appeals from a judgment entered on a directed verdict in favor of the defendant, Samuel A. Cherry, in a suit for slander. We affirm.
The single issue presented for our review is whether Stephens presented any evidence which, when viewed in its most favorable light, supports his case. Ex parte Bennett, 426 So.2d 832 (Ala.1981).
Stephens’s complaint, both as originally filed and as amended, alleges that the defendant, Samuel Cherry, made statements to a third party to the effect that Stephens had engaged in sexual relations with a client represented by him in a divorce proceeding. Stephens asserts that these statements were made with the intent to injure him in his profession as an attorney.
The following colloquy is cited by Stephens as evidence showing that a directed verdict was improper:
“Q Now, I want to try to take you back around May 15th, 1980, and ask if you recall having a telephone conversation with Mr. Cherry about a divorce case that he and Mr. Stephens were involved in. Do you recall that taking place?
“A Yes. We had a conversation. I don’t say that it’s centered around the divorce case, but it was brought up.
“Q Who brought it up?
“A Sam brought it up.
“Q You didn’t bring it up?
“A No.
“Q Would you relate to the jury what he said when he brought it up?
“A Sam and I had some conversation about business and such. Later on in the conversation, it was one of these deals, ‘Oh, your buddy, Richmond Stephens, was down the other day on a divorce proceeding. He and I had people in my office there, and this thing became somewhat heated, the conversation, between Richmond and myself.’ And either the parties separated or Richmond *981 stormed out or whatever. Basically, Sam asked me to — Sam said that he felt like Richmond was letting his emotions get involved with his legal responsibilities in representing this particular individual. And he said, basically, do me a favor. The next time you talk with Richmond or call up Richmond, indicate to him that, you know, I know what is going on. I basically checked him out and I have the goods on him and that he had been seen in several of the Birmingham nightspots in the company of this female that he was representing in these divorce proceedings. And whether it was that afternoon or the following day that I had a conversation with Richmond, and I passed this along.”
After reviewing the above, as well as the record in its entirety in a light favorable to Stephens, we find that it is devoid of any evidence which suggests that Cherry accused Stephens of any type of sexual misconduct or sexual impropriety. Cf. Marion v. Davis, 217 Ala. 16, 114 So. 357 (1927). Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.