DICKINSON *vs.* LEWIS, GARTHWAITE & CO.

[BILL IN EQUITY TO OPEN STATED ACCOUNT ON GROUNDS OF FRAUD AND MISTAKE.]

1. *When equity will open stated account.*—Where errors have occurred in a stated account, in consequence of a fraud, a court of equity has jurisdiction to re-examine the entire account; or to allow the injured party to surcharge

Dickinson v. Lewis, Garthwaite & Co.

and falsify it as to specified errors ; but this principle only applies to those accounts of which, before they were stated, equity would have taken jurisdiction.

2. *When equity has jurisdiction of matters of account.*—Equity will not take jurisdiction of an open account between a merchant and a manufacturer, which consists simply of items for goods sold and furnished by the latter, under a special contract, at a specified price, and credits for payments made by the former.

3. *When equity has jurisdiction on ground of fraud.*—If a debtor gives his note for the amount of his account as stated by his creditor, containing a fraudulent overcharge of a specified item, his remedy at law against the note, on account of the fraud, being full, adequate, and complete, he cannot come into equity for relief; and this, notwithstanding the account was contracted partly with two successive firms.

4. *When equity has jurisdiction on ground of discovery.*—To maintain a bill on the ground of discovery alone, it must appear that the facts as to which a discovery is sought are material in making out the right to relief; consequently, where the only relief sought is in reference to an alleged overcharge of five per cent., in addition to costs and expenses, for goods furnished by defendant to plaintiff under a special contract, the bill cannot be maintained on the ground of discovery as to " the various items of expense involved in the original cost and manufacture of the goods."

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Charles B. Dickinson, the appellant, against William M. Lewis, William Grant, John Van Barclome, and Caleb C. Garthwaite, partners in trade under the successive firm names of Lewis, Grant & Co., and Lewis, Garthwaite & Co.; and alleged, in substance, the following facts:

In June, 1848, Dickinson, who was a clothing-merchant in Mobile, entered into a contract with Lewis, Grant & Co., who were manufacturers of clothes in the cities of New York, Newark, and New Orleans, to this effect: that said Lewis, Grant & Co. would furnish and manufacture articles of clothing for him, as he might from time to time order them, at a profit of ten per cent. on the original cost when shipped from New York or Newark, and of twelve per cent. when shipped from New Orleans. Under this contract, from 1848 until 1854, large quantities of goods were manufactured and furnished to Dickinson by Lewis, Grant & Co., and by Lewis, Garthwaite & Co., their successors in business. On the 7th August, 1854, a

settlement was had between the parties, when it appeared
from the account stated by Lewis, Garthwaite & Co., that
Dickinson was indebted to them in the sum of $28,926 11;
for which amount Dickinson then executed and delivered
to them his ten promissory notes, for different amounts,
payable at six, eight, ten, fifteen, seventeen, eighteen,
twenty, twenty-two, twenty-seven, and twenty-nine
months, respectively. After Dickinson had paid five of
these notes, as he alleged in his bill, " reliable informa-
tion was first given him of the fact, that said defendants,
throughout the whole duration and range of his dealings
with them, had uniformly and covertly violated their said
contract in every item of charge made against him for
goods bought and manufactured as aforesaid; which
breach consisted in incorporating generally, and without
any discriminative specification whatever, into every such
item of their invoice accounts rendered him during their
said dealings, an additional and gratuitous charge of five-
and-a-half per cent., or five and six-tenths per cent.; the
said unexplained item including, in each instance, the
original cost of the purchase and manufacture of the par-
ticular article charged, a wholly unauthorized addition
thereto of five per cent. thereon computed, and ten or
twelve per cent., according to the place of shipment,
superadded to the sum thus obtained." In the fall and
winter of 1852, and in the spring of 1853, the complain-
ant having failed to forward any special order for goods,
the defendants shipped to him, without reasonable notice,
an unusually large quantity of goods, which he was
unable to sell on profitable terms; and they thereupon
proposed to him, that he should sell these goods at prime
cost, and they would allow him ten per cent. on the pro-
ceeds of his sales. Under this arrangement, complainant
sold about $5,000 worth of the goods; but the defendants
refused to allow him any credit on that account. The
amount actually due to the defendants, on a proper
accounting, having been fully paid by complainant, he
refused to pay the remaining notes; and the defendants
thereupon instituted an action against him on said notes,
in the city court of Mobile.

The prayer of the bill was, that the action at law might be enjoined; that the defendants might be required to discover, under oath, "each and all the items of expense whatever included in the original cost and manufacture of all the goods furnished by them under said contract, distinctly discriminating such as are embraced in said five and five and six-tenths per cent. from the remainder, and to produce before the master all the books of original entry in their possession wherein the same are recorded;" that an account might be taken of all the dealings and transactions between the parties; that the promissory notes might be delivered up and canceled; that the defendants might be decreed to pay over to the complainant whatever balance might be found due him on a proper accounting; and for other and further relief.

After the coming in of the answer of Lewis, Garthwaite & Co., the chancellor dissolved the injunction, on motion, and dismissed the bill for want of equity; and his decree is now assigned as error.

A. J. REQUIER, for appellant, contended, that the bill contained equity, on the following grounds:

1. On the allegation of fraud in the statement of the accounts, which was carried into the notes given for the ascertained balance.—1 Story's Equity, § 523; Kirkman v. Vanlier, 7 Ala. 224; Rembert & Hale v. Brown, 17 Ala. 670.

2. Because of the complicity of the matters of account, involving over $250,000, embracing numerous and diversified details, and extending over a period of more than six years.

3. On the ground of discovery.—2 Story's Eq. § 1485; Code, § 2935.

4. Because the plaintiffs in the action at law on the notes were not the only parties implicated in the alleged fraud.—2 Story's Equity, § 885; 3 Dan. Ch. Pr. 1843–44.

P. & T. A. HAMILTON, *contra*, insisted,—

1. That the entire relief sought by the bill amounted only to a partial failure of consideration, which was available as a defense at law to the action on the note.

2. That the bill could not be maintained on the ground of discovery alone.—19 Ala. 687 ; 29 Ala. 337 ; 10 Peters, 497.

A. J. WALKER, C. J.—The account against the complainant has been stated, and settled by his execution of notes for the balance found against him. To open this stated account, and correct its errors, is the object of the bill. Where errors have occurred in a stated account, in consequence of a fraud, equity has jurisdiction to open the account, and will either re-examine the entire account, or allow the injured party to surcharge and falsify it as to specified errors.—Cowan v. Jones, 27 Ala. 317 ; 1 Story's Eq. Jur. § 523. The accounts which, when stated, the court will open, must, however, be understood to be such as fall within the jurisdiction of the chancery court. The power to open stated accounts for re-examination, or for surcharge and falsification, belongs to the jurisdiction over matters of account, and grows out of it. The court can not have jurisdiction to open and re-examine, or to correct the errors of a stated account, when the account, before it was stated, did not pertain to the jurisdiction of that tribunal. If, therefore, the original account, the alleged errors of which the complainant seeks to correct, would not have been a matter over which the court of chancery could exercise jurisdiction, then the opening of that account after being stated, for re-examination, or for surcharge and falsification, is without its jurisdiction.

[2.] The account against the complainant was not such as appertained to the jurisdiction of the chancery court. If either party had appealed to that court, before the account was stated between them, to have the balance ascertained, the cause would have been repudiated. This will be apparent from an observation of the character of the account, in connection with the principles which control the equity jurisdiction over the subject. The account was for clothes furnished to the complainant during a series of years, and differs from the ordinary accounts of merchants in this, that the rate of charging was controlled by a contract made at the inception of the

account. There was no mutuality of accounts. On the complainant's side there was only a claim of credits for payments made. The engagement with the complainant by his creditors,. to make a deduction of 10 per cent. on the price of certain goods sold by the former at cost, was but a modification of the price of those particular goods, and gave rise to no mutuality of account. There was nothing more, therefore, than an account on one side, with credits for payments made. Of such an account chancery has not original and independent jurisdiction. There was a plain, adequate and complete remedy at law, for the enforcement of his demand by the creditor, and for the assertion by way of defense of all his rights by the debtor.—1 Story's Eq. Jur. § 459; Kirkman v. Vanlier, 7 Ala. 217 ; Crothers v. Lee, 29 Ala. 337 ; Rembert & Hale v. Brown, 17 Ala. 667.

It is true that chancery sometimes takes jurisdiction where there is no mutuality, on account of its complication ; but it only does so where there is a strong case of entanglement.—Phillips v. Phillips, 12 Eng. L. & Eq. 259; S. C., 9 Sim. 471 ; Padwick v. Stanley, 12 Eng. L. & Eq. 281; S. C., 9 Sim. 627. This account certainly does not present that strong case of entanglement, or complication, which is necessary to maintain the equity jurisdiction.

The conclusion deduced from what is above said is, that the equity of complainant's bill cannot be sustained, merely upon the ground of the chancery jurisdiction to open a stated account, and re-examine, or allow a surcharge and falsification of it.

[3.] Fraud is, of itself, a ground of equity jurisdiction. But this rule is not universal in the jurisprudence of England, or in any of the United States. The doctrine of this court is, that. notwithstanding the fraud, "if the party can have full, complete and adequate redress at law, he can not go into chancery."—Knotts v. Tarver, 8 Ala. 743 ; Russell v. Little, 28 Ala. 160. By that doctrine, as expounding a just and convenient rule, too long recognized in this State to be lightly departed from, we will abide, without inquiring whether it harmonizes with all

the decisions upon the subject. The fraud which the complainant alleges, is confined to the making of a charge of five per cent. upon the actual cost of the material and making of the clothes furnished to him. The precise amount of variation which this fraud produced on the settlement, from the true amount of complainant's indebtedness, is alleged, and its ascertainment involves only a simple arithmetical calculation, which can as well be made in a court of law as in a court of chancery. This allegation of fraud is determinable by inquiring, what was the contract as to the rate of charges? what was its legal effect? and have the defendants covertly and fraudulently violated it? This inquiry a court of law is as competent to make as a court of chancery. There is, then, nothing in the nature of the fraud, or in the inquiries to which it gives rise, which affords a reason why complete and adequate redress can not be had at law.

The case made by the bill is simply one where creditors have fraudulently embraced in their account against a debtor an erroneous charge, for which the debtor has given his notes. His defense is obviously at law, upon the simple ground of a want of consideration as to a part of the amount for which the notes were given. The complainant's remedy, by defending against the notes at law, was not the less complete and adequate, because the account for which the notes were given had been contracted with two partnerships, one succeeding the other in business, and differing from each other somewhat as to the persons who composed them. To the defense of a want of consideration for the note, the parties to whom the notes are payable, and with whom the settlement of the entire account was made, could not object that a part of the account was contracted with their predecessors. No recovery could be had, at law, for any part of the notes which was founded in fraud, and unsupported by a consideration, whether the account was originally made with the payees, or with their predecessors in business. Such a fraud and want of consideration would be as available against the party to whom the notes were given, as

against the party with whom the account was originally contracted.

[4.] The remaining point of view, in which it is claimed that the bill contains equity, is that it has the allegation necessary to make it a good bill of discovery. The chancery court has jurisdiction, and will grant relief, where an account is to be taken, and there is no mutuality of account, if " a discovery is wanted in aid of the account, and is obtained."—1 Story's Eq. Jur. § 458. But, to the maintenance of the bill upon the ground of discovery, it is not sufficient simply to allege that there are facts of which the complainant can not make proof without a discovery; it must appear that those facts are *material* in making out the right to relief.—Saltmarsh v. Bower, 22 Ala. 227; 2 Story's Eq. Jur. § 74; Lucas v. Bank of Darien, 2 St. 280; Horton v. Moseley, 17 Ala. 794; Perrine v. Carlisle, 19 Ala. 686; Crothers v. Lee, 29 Ala. 338. The only allegation in the bill, as to the complainant's inability to make proof, is in the following words: "Your orator further showeth, that he has no adequate means of establishing at law, or otherwise, the *various items of expense involved in the original cost and manufacture* of all the goods so furnished him as aforesaid by the defendants, up to the time of said settlement; that the same is almost exclusively within their knowledge, and embraced in their books of original entry; and that it is indispensable to the maintenance of his claim, that they should make a full and particular discovery of each and every one of said items, under oath, distinctly discriminating such as are embraced in the per centage objected to from the remainder, and that all the said books should be produced." The bill does not allege any error whatever in the charges for the original cost and manufacture of the goods, but that without any authority, and in violation of the contract, five per cent. was added to the cost and manufacture of the goods. Upon the case made by the bill, it was, therefore, totally immaterial to inquire about the cost of the material and manufacturing. That was a matter entirely outside of the litigation commenced by the bill; and when the inability to make proof as to

that matter is shown, the necessity of discovery as to a material matter does not appear. The bill carefully excludes the idea, that any portion of the cost of the materials and manufacture was embraced in the fraudulent and unauthorized charge of five per cent. From this it results, that it is not a question of the case made by the bill, whether the five per cent. did not, in part, cover some of the items of expense in the purchase of materials and manufacture of the clothes.

There is no equity in the bill in any aspect, and the chancellor's decree must be affirmed.