(80 South. 876)

MORGAN v. GAITER.   (6 Div. 811.)

(Supreme Court of Alabama.   Feb. 13, 1919.)

1. CANCELLATION OF INSTRUMENTS ☞4—RECEIPTS—FRAUD.

A court of equity will in a proper case entertain jurisdiction for the purpose of canceling receipts obtained by fraud.

2. CANCELLATION OF INSTRUMENTS ☞37(7)— COMPLAINT — SUFFICIENCY — FRAUD — RECEIPTS.

A bill by an heir for cancellation of receipts, alleging that complainant was weak-minded and ignorant, and did not appreciate the legal effect of the receipts in full given for $50, when he had judgment against the defendant administrator for more than $1,400, shows that defendant occupied the relation of trustee, in whom confidence and trust was to a degree reposed.

3. EQUITY ☞11—"FRAUD"—ELEMENTS OF.

Fraud, as understood and denounced in equity, includes all acts, omissions, or concealments which involve a breach or lack of equit-

able duty, trust, or confidence, justly reposed, which will be injurious to another, or by which an undue or unconscientious advantage is taken of another.

**4. CANCELLATION OF INSTRUMENTS ☞37(7)— FRAUD—PLEADING—SUFFICIENCY OF COMPLAINT.**

Bill alleging that complainant was a weak-minded negro in necessitous circumstances, and that the defendant administrator concealed from him the fact that he was entitled to the sum of $1,431, representing that there was due him only the sum of $50, that complainant in reliance thereon accepted payments, that he had no one to give him independent advice, and that defendant took advantage of these conditions, *held* sufficient to justify the cancellation of receipts in full on ground of fraud.

**5. CANCELLATION OF INSTRUMENTS ☞10— EQUITY JURISDICTION—REMEDY AT LAW.**

Receipts fraudulently obtained from complainant for a less sum than that due him under a judgment constitute an embarrassment and impediments in the way of enforcing collection of such judgment by execution, and the remedy at law is inadequate and incomplete.

**6. CANCELLATION OF INSTRUMENTS ☞37(4)— FRAUD—PLEADING—BILL—OFFER OF RESTORATION.**

In a suit for cancellation of receipts in full, secured from complainant by defendant administrator for payment of $50, when complainant was entitled to $1,400, bill *held* not insufficient, because not tendering the $50 received.

**7. CANCELLATION OF INSTRUMENTS ☞41— PROCEEDINGS—LACHES—DEMURRER.**

A bill for cancellation of receipts *held* not subject to demurrer on the ground of laches; the same not being apparent on the face of the bill.

**8. COSTS ☞277(1)—PAYMENT—STAY OF SUBSEQUENT ACTION.**

Error cannot be predicated on failure to require complainant to pay costs in former suits, where the court made a reference to the register to ascertain whether such suits were between the same parties concerning the same matters, and the confirmed report was adverse to defendant.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by John Gaiter against W. B. Morgan, administrator of the estate of Harry Wilson, deceased, for the cancellation on the ground of fraud of two certain instruments executed by the complainant to the respondent. From a decree overruling the demurrer to the bill as amended, the defendant appeals. Affirmed.

Bill by appellee against the appellant to cancel, on the ground of fraud, two certain instruments executed by the complainant to the respondent. From a decree overruling the demurrer to the bill as amended, respondent prosecutes this appeal.

The bill as amended seeks the cancellation of two certain receipts or releases executed by the complainant to the respondent, as administrator of the estate of Harry Wilson, deceased, reciting a payment of the sum of $50, and releasing said respondent as administrator of the said estate and his bondsman from any claim or demand which complainant may have against the respondent, individully or as administrator. Copies of these receipts are attached to the bill as Exhibits C and D, and each refers to the case (No. 4830) then pending in the city court of Birmingham, styled in the name of this complainant against respondent administrator and others. The receipt marked Exhibit B dismisses said bill. These receipts were dated May 29, 1913.

The bill alleges in substance that respondent was duly appointed administrator of the estate of Harry Wilson, deceased, and that complainant is the half-brother and heir at law of said Wilson, and is entitled to the proceeds of said estate; that in May, 1911, respondent filed his accounts for final settlement of said estate, and in June, 1911, final settlement of said estate was had, and decree rendered by the probate court of Jefferson county in favor of John Gaiter, the heir at law of said Harry Wilson, deceased, which decree is made a part of the bill as an exhibit thereto; that the complainant is the owner of said decree, never having assigned or transferred the same, and that the same has never been paid; that on May 29, 1913, complainant was paid the sum of $50 by respondent, at which time he signed one or two papers, which he thought were receipts acknowledging the payment of said sum; and that he has since been informed that in fact he signed two receipts, which are in words and figures as set out in Exhibits C and D. It is further shown that complainant is an illiterate, ignorant, and weak-minded negro, and was such at the time of the execution of said receipt, and did not know or appreciate the legal effect of the same; that at the time of the payment of said $50, and the execution of said receipts, he was entirely without means or property of any kind; that at the time of the execution of said receipts, or releases, respondent concealed from complainant the fact that he (respondent), in his capacity as administrator of the estate of complainant's half-brother, Harry Wilson, deceased, was due complainant the sum of $1,431.30, and that respondent at said time represented to complainant that he (respondent) was due complainant only $50; that complainant relied upon this statement of respondent in accepting said $50, and in executing what he thought to be in effect only a receipt for the same; that at the time he had no disinterested party to give him any advice, or to

inform him what his rights were in the premises, or as to the amount to which he was entitled. It is further alleged that respondent took advantage of his pecuniary necessities, ignorance, and weakness of mind, and that said sum so paid him was grossly disproportionate to the value of said estate, and that on account of said advantages taken of him, as above stated, said releases should be vacated and held for naught. In paragraph 5 complainant submits himself to the jurisdiction of the court, and offers to do complete equity, and make such payment to the respondent as may be by the court ascertained to be just and decreed against him to be paid.

The decree of the probate court is made an exhibit to the bill, and contains a judgment in favor of John Gaiter against respondent, as administrator, in the sum of $1,431.30, as his distributive share of said estate, for which execution may be issued.

The bill was demurred to on the ground that, if the decree of the probate court is valid, the complainant has an adequate remedy at law; that it affirmatively appears that complainant is guilty of laches in instituting this proceeding; that the facts alleged do not constitute fraud as a matter of law; that it affirmatively appears that complainant voluntarily executed this instrument, and was aware of its contents; that it is not averred in said bill that complainant was not informed of the contents of said instrument; and that it was not averred that complainant restored or offered to restore the consideration received by him for the execution of said instrument. The demurrer was overruled.

Motion was made to abate the cause, and complainant be required to pay the costs of the case of John Gaiter v. W. Barnes Morgan et al. (No. 4830), in the city court of Birmingham, which was filed by complainant in October, 1911, and which was dismissed December 6, 1916, upon the ground that it involved the same subject-matter as here involved, and that the complainant is the identical party who was the complainant in said cause, and also to require said complainant to pay the costs accruing in the probate court on motion of complainant to revive a certain judgment against respondent, upon the same grounds as assigned to the other cause, and that costs accrued in said causes have not been paid.

The court entered a decree upon said motion, referring the matter to the register to hold a reference and report, first, whether or not former suits described and set forth in the petition were between the same parties as in this cause; and, second, whether the questions litigated in said cause were the same as those involved in this cause. The reference was had, and the register reported that the parties known as complainant and respondent in each of the causes are not identical, and that the different causes represented and referred to are not identical, and that their purposes are not the same. No objections were filed to said report, and a decree was entered confirming the same.

Bondurant & Smith, of Birmingham, for appellant.

Jerre C. King, of Birmingham, for appellee.

GARDNER, J. [1] The bill as amended seeks only the cancellation of two receipts, copies of which are attached as exhibits to the bill; and that a court of equity will, in a proper case, entertain jurisdiction for such purposes is well established. So. States Fire & Cas. Ins. Co. v. Whatley, 173 Ala. 101, 55 South. 620; Perry v. Boyd, 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; Anders v. Sandlin, 191 Ala. 158, 67 South. 684.

Some of the argument of appellant's counsel seems to be based upon the theory that the bill seeks to, in some manner, impeach the decree of the probate court; but, as the amended bill seeks only the cancellation of the written instruments referred to, this discussion needs no further consideration.

[2] Upon the question of fraud, the argument is advanced that the fact that the complainant was weak-minded and ignorant, and did not appreciate the legal effect of the instruments he was signing, is not sufficient to justify their cancellation. This insistence, however, overlooks some very material averments of the bill. The respondent was administrator, and it is alleged that the judgment in favor of complainant in the probate court was in excess of $1,400. As such administrator, therefore, the respondent occupied the relation of trustee (Evans v. Evans, 76 South. 95 [1]), in which confidence and trust was to a degree reposed (1 Story's Eq. Jur. 330).

[3, 4] The bill alleges, in addition to the averments that the complainant was a weak-minded and ignorant negro, and in necessitous circumstances, that the respondent concealed from the complainant the fact the complainant was entitled to the sum of $1,431.30, and represented to the complainant that the respondent was due him only the sum of $50, and that he (complainant) relied upon this statement in accepting the payment of the latter sum; that he had no one to give him any independent advice, or inform him as to his rights, but that respondent took advantage of his pecuniary necessities, ignorance, and weakness of mind; and that the sum paid him was grossly disproportionate with the value of the estate.

"Fraud, as understood and denounced in equity, includes all acts, omissions, or concealments, which involve a breach or lack of equitable duty,

[1] 200 Ala. 329.

trust, or confidence, justly reposed, which will be injurious to another, or by which an undue or unconscientious advantage is taken of another." Kennedy v. Kennedy, 2 Ala. 571.

That the averments of the bill are sufficient to justify the cancellation of these instruments upon the ground of fraud is, we think, too clear for further discussion. Pomeroy's Eq. Jur. vol. 2, §§ 927, 928; Noble's Adm'r v. Moses Bros., 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175; 1 Story's Eq. Jur. 328; Code 1907, § 4299; 12 R. C. L. 311.

[5] These receipts constitute an embarrassment and impediments in the way of complainant in enforcing the collection of the judgment by execution, and the remedy at law therefore is not adequate and complete.

[6] The bill discloses that the complainant has received $50, when he was entitled to more than $1,400, and complainant expressly submits himself to the jurisdiction of the court and offers to make such payment to respondent as may be decreed by the court. Relief is sought on the ground of fraud. The bill is not subject to demurrer for failing to allege an offer on the part of complainant to restore to respondent the sum so received before filing the bill. Martin v. Martin, 35 Ala. 560; Perry v. Boyd, supra; King v. Livingston Mfg. Co., 192 Ala. 269, 68 South. 897; 6 Cyc. 311—2.

[7] One of the assignments of demurrer takes the point that the complainant had been guilty of laches as to bar this proceeding. While the bill was filed something less than four years after the execution of the instruments sought to be canceled, yet it is disclosed by the exhibits thereto that there had been previous litigation between the parties concerning this controversy. The question can only be taken advantage of by demurrer when the same is apparent upon the face of the bill. Scruggs v. Decatur Min. Land Co., 86 Ala. 173, 5 South. 440; Gayle v. Pennington, 185 Ala. 53, 64 South. 572. Such is not the case here, and this assignment is not well taken.

[8] As to the question of the motion of respondent to require the costs in former suits to be paid, it appears that the only step taken by the court in this respect was a reference to the register to ascertain whether or not the suits were between the same parties, and concerned the same matters. The report was adverse to the respondent, and decree was entered confirming the report. The record contains nothing further of any value in this connection, and it is quite clear that no error has been made to appear.

We have here treated the questions argued by counsel for appellant, and have reached the conclusion that the decree of the court below should be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

McCLELLAN, J. (concurring). While I seriously doubt the presence of equity in this bill, on considerations to be indicated, I yield, somewhat reluctantly, the proposition and concur with my Associates. The bill seeks the cancellation of a receipt and discharge executed by the complainant in satisfaction of a judgment in favor of the complainant against the administrator, who took the receipt and discharge. As I understand the doctrine recognized and applied in this state, quite different from that generally prevailing elsewhere (6 Cyc. pp. 291, 292, 295; Dickinson v. Lewis, 34 Ala. 638, 643, 644), the jurisdiction of equity to cancel the instruments will not be exercised where there is another adequate and complete remedy (Merritt v. Ehrman, 116 Ala. 278, 288, 22 South. 514; Dickinson v. Lewis, supra). It was said in the latter decision:

" * * * If the party [complainant] can have full, complete and adequate redress at law, he cannot go into chancery."

This court approved, in Merritt v. Ehrman, at page 288 of 116 Ala. (22 South. 514), an even stronger pertinent statement from Pomeroy's work. It appears from the averments of the bill that this complainant may have an execution issued out of the probate court to effect the enforcement of the money decree in his favor for $1,431. If the issuance of the execution should be denied him, he might have mandamus to compel its issuance, on which hearing the question whether the judgment had been satisfied could be properly determined, and the issue of fraud vel non in the procurement of the instruments could be effectually, completely determined. In these circumstances it seems to me that the probate court, in expression of its control over its own process, could fully avoid, on the ground of fraud, if proven, the effect of these papers to prejudice the rights of the complainant. It has been long settled in this jurisdiction that fraud alone is not a ground for the interference by a court of equity in the determination of rights.