Nikifor Hryhorijiv (Grigorieff) et al., Plaintiffs, *v.* Walter Winchell et al., Defendants.

Supreme Court, Special Term, New York County, April 20, 1943.

*Walter R. Barry* for defendants.

*Helen Goldstein* for plaintiffs.

McLaughlin, J. The defendants move to dismiss the amended complaint containing two causes of action upon the ground of insufficiency. The amended complaint alleges that the defendant Winchell stated on the program of the Andrew Jergens Company over the radio station WJZ of the National Broadcasting Company, Inc., the following: " New York: — There is an organization, new to me, in New York, with the title " Committee for the Promotion of Democracy " . . . a lovely lily-white name, to be sure. . . . A member named Nikifor Grigorieff was recently expelled from the Ukranian Workmen's Ass'n — when members decided he was maintaining connections with pro-Nazis. . . . Also in this Democracy Group is a pal, with whom he shares an apartment. This pal — now hold on to your hats - - is working as a translator for our War Dep't. . . . He works in the War Department's New York headquarters — at South Ferry."

The pleading alleges that the plaintiffs are lecturers and writers and that they have been injured in their reputations, and then follow the allegations that the statement charged them with being unpatriotic and that their alleged connections with

an alien enemy nation showed that they were engaged in seditious activities.

The defendants urge that the causes of action are for slander or, at least, should be treated as slander. As a pleading there is sufficient alleged to permit the plaintiffs to attempt to prove libel. There are allegations showing the preparation and use of a written script. There seems to be no authoritative decision in this State as to whether such facts show libel rather than slander. (*Locke* v. *Benton & Bowles, Inc.,* 253 App. Div. 369; *Polakoff* v. *Hill,* 261 App. Div. 777; *Locke* v. *Gibbons,* 164 Misc. 877, affd. 253 App. Div. 887.) The court holds that the complaint is for libel.

Sufficient also is alleged to show that the words are defamatory *per se.* These men are alleged to be in the business of lecturing to the public. That is their alleged livelihood. Words charging the dismissal of one of them from a workmen's association and maintaining pro-Nazi connections, plus the fact that his fellow apartment-sharer was working as a translator for our War Department, certainly are sufficient without any innuendo to constitute defamation *per se.* Nor do the plaintiffs need to allege any fact about the war, as the term "pro-Nazi" is something that existed for some time before war was declared. Being charged as pro-Nazi and then lecturing to the people would simply mean that the plaintiffs were at the time of lecturing held up to contempt, ridicule and disgrace. It establishes a libel *per se.* (*Lunn* v. *Littauer,* 187 App. Div. 808.)

It is a question for the jury to say whether this article or script gave the public an evil opinion of the plaintiffs or held them up to public contempt, scorn, ridicule, shame or disgrace.

Motion is denied.