GEORGE W. HARTMANN, Plaintiff, *v.* WALTER WINCHELL, Defendant.

Supreme Court, Special Term, New York County, May 10, 1946.

*Coudert Brothers* for defendant.

*Sigmund Goldstein* for plaintiff.

MILLER, J.   This motion to dismiss the further amended complaint presents the question of whether utterances of defamatory matter over the radio, when read from a prepared script, are governed by the law of slander or by the law of libel.   Decisions in various jurisdictions and text writers are in disagreement on the subject.   In *Locke* v. *Gibbons* (164 Misc. 877, affd. 253 App. Div. 887) the question was discussed but not actually determined.   There the utterance in question was not made from a prepared script.   However, Mr. Justice PECORA, who wrote the opinion below, expressly refrained from deciding whether a different decision would have been required if the factual matter had been read from a prepared manuscript.   He said (p. 881): " Perhaps in such a case the analogies of the cases holding that reading from a defamatory letter was libel would apply."   In the subsequent case of

*Hryhorijiv* v. *Winchell* (180 Misc. 574, affd. 267 App. Div. 817, leave to appeal denied, 267 App. Div. 868) the Special Term held that the complaint, which was based upon a radio broadcast, stated a good cause of action for libel. The complaint alleged the preparation and use of a written script. It is true that the Special Term also held that the utterances were, in any event, defamatory per se because the plaintiffs were alleged to be in the business of lecturing to the public and the language tended to affect their lecturing activities. It is well settled, however, that it is not enough that the words complained of may tend to injure plaintiff in his office or calling. They must be spoken of him in connection with his business or calling. (*Kinney* v. *Nash*, 3 N. Y. 177, 178; Seelman on the Law of Libel and Slander in the State of New York, p. 613.) It follows that the affirmance of the ruling at Special Term must be deemed a holding that the complaint, though based upon a radio broadcast, was governed by the law of libel.

Written words, as distinguished from oral utterances, are libelous if they tend to expose plaintiff to hatred, contempt or ridicule. Defendant's language in his radio broadcast of January 23, 1944, as quoted in paragraph 6 of the pleading, was such that a jury might find that plaintiff, as leader of the movement referred to, was exposed to hatred, contempt or ridicule. The words in question might reasonably be found by a jury to impute to plaintiff the leadership of a movement which favored peace only because Hitler was losing and which blamed America, among other things, for the killing of children in Europe and Asia.

As to the contention that the broadcast was not spoken of plaintiff, it is sufficient to observe that the pleading complies with rule 96 of the Rules of Civil Practice, which permits a plaintiff to state in general terms that the matter complained of was published or spoken concerning him, and that the language itself includes a reference to plaintiff as the leader of the movement condemned in the broadcast.

The pleading states a good cause of action and the motion to dismiss it for insufficiency is accordingly denied, with leave to answer within ten days from the service of a copy of this order with notice of entry.