133 So.2d 254

Mrs. Jimmie P. TURNER

v.

W. V. SULLIVAN.

4 Div. 80.

Supreme Court of Alabama.

Sept. 21, 1961.

Merrill & Harrison, Dothan, for appellant.

J. Theodore Jackson, Dothan, for appellee.

MERRILL, Justice.

Appellee sought to enforce a mechanic's and materialman's lien for the removal of two houses from certain lots to other lots owned by appellant. Appellant filed a cross-bill, appellee demurred and the court overruled the demurrer to the cross-bill as a whole, to the aspect seeking an accounting and damages for breach of the contract, but sustained it to that aspect "seeking a reformation of the contract", Exhibit X. Appellant appeals from that part of the decree sustaining demurrers to the reformation aspect of the bill.

The cross-bill as last amended covers 11 transcript pages, but a severe condensation of the allegations reveals that appellant is a widow, 59 years of age; that she and her children were seeking to build a large super market on South Oates Street in Dothan; that this required the removal of two houses on the lot; that she had difficulty in raising the money to build the super market; that appellee was low bidder, at $85,-000, but it was necessary to renegotiate the bid to $77,000; that appellee was her neighbor, had advised her about business affairs, that she trusted and relied upon his judgment, honesty and integrity; that he repeatedly guaranteed and assured her that the removal and relocation of the two houses would not cost over $9,000, but on February 11, 1959, she signed Exhibit X, the contract for removal and relocation containing a provision that the work was to be done on a labor, material, incidental expense, plus 12% net profit to the contractor; that she did not know of the existence of Exhibit X until appellee demanded $14,000 for the work shortly before the entire project was actually completed; that she signed Exhibit X along with other papers presented to her; that Exhibit X did not contain the true contract of the parties because the amount was in excess of $9,000, that it was procured by the fraud of appel-

lee and should not be allowed to stand as the true contract between the parties.

The prayer sought a reformation of the contract, Exhibit X, to show that the amount of the contract was $9,000 or less, that there be an accounting and that damages be ascertained because the houses were not moved in a workmanlike manner as provided for in the contract. As already stated, the court overruled the demurrer to the bill as a whole, and to the accounting and damage aspects, but sustained it to the reformation aspect.

The gist of the cross-bill as it relates to the aspect in question is that a confidential relationship existed between the parties and appellant reposed confidence in appellee; that appellee had stated both prior and subsequent to the execution of the contract, Exhibit X, that the houses could be moved and relocated for not more than $9,000; that appellant relied on those statements; that she signed the contract but did not know she signed it; and that she should be relieved of paying more than $9,000 for the work.

■ A bill in equity must show with accuracy and clearness all matters essential to plaintiffs right to relief. These matters must not be made to depend on inference, nor will ambiguous averments of them be accepted as sufficient. Gwin v. George, 252 Ala. 318, 40 So.2d 861.

Stated another way, a bill in equity must set forth, not the evidence, but every material averment of fact necessary to complainants right of recovery. So complete must be the averments of facts that on demurrer or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed for. Collins v. Thompson, 259 Ala. 82, 65 So.2d 491; Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165.

No rescission of the contract is here sought, but a reformation of a contract, only

as to the price to be paid to appellee for work which he has already performed and completed.

■ It requires very great particularity of averment, and very clear proof, to authorize the reformation of a written contract. Lewis v. Belk, 219 Ala. 343, 122 So. 413; Darden v. Meadows, 259 Ala. 676, 68 So.2d 709.

The cross-bill under consideration contained contradictory allegations as to the transaction between the parties, and the knowledge of appellant as to the terms, and it clearly shows that she knew of some of the terms of the contract, although she also alleges that she did not know she had signed it. The contract, Exhibit X, shows that it was signed by appellee on January 19, 1959, and signed by appellant on February 11, 1959, and was executed in triplicate.

■ Where fraud is pleaded, either at law or in equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is subject to apt demurrer properly interposed. Groover v. Darden, 259 Ala. 607, 68 So.2d 28; Williams v. Williams, 238 Ala. 637, 193 So. 167.

■ The cross-bill shows on its face that appellant, acting through her son, negotiated with appellee, and it does not allege that appellee falsely represented to her that the contract she signed contained a provision to do the work for $9,000; or that he made any false representation to her with intent to deceive or defraud her; or that he made any statement to her knowing it to be false; or that when he made any of the alleged statements that he had no intention of carrying out any promise made; or that he made any false representations for the purpose of inducing her to enter into the contract knowing that such statements were false.

In Crooker v. White, 162 Ala. 476, 50 So. 227, 229, this court said:

" * * * The complainants may have made a bad bargain; but 'it is not the province of a court of equity to even up the consideration of contracts, and see that equality is meeted out in the various transactions of life, or to supply judgment and skill where it is wanting. It will not permit fraud and undue misrepresentation, but where parties rely upon their own judgment, or are not unduly imposed upon by others, it will leave them where they place themselves.' Johnson v. Rogers, 112 Ala. [576], 581, 20 South. 929, 931."

We think the trial court correctly sustained the demurrer to the reformation aspect of the bill on grounds raising the points we have discussed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.