309 F.2d 83
 Lar DALY, Plaintiff-Appellant,
v.
COLUMBIA BROADCASTING SYSTEM, INC., Defendant-Appellee.
Lar DALY, Plaintiff-Appellant,
v.
WEST CENTRAL BROADCASTING COMPANY et al., Defendants-Appellees.
Lar DALY, Plaintiff-Appellant,
v.
AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC., et al., Defendants-Appellees.
 No. 13667.
 No. 13683.
 No. 13739.
 United States Court of Appeals Seventh Circuit.
 October 24, 1962.
 
 Lar Daly, Chicago, Ill., Howard Newcomb Morse, Chicago, Ill., for appellant.
 G. Gale Roberson and George L. Siegel, Chicago, Ill., for Columbia Broadcasting System, Inc.
 George D. Newton, Jr., Chicago, Ill., Herbert M. Livingston, Bloomington, Ill., Victor P. Michel, Peoria, Ill., G. Gale Roberson, Chicago, Ill., Charles H. Northrup, Springfield, Ill., Timothy W. Swain and Paul C. Cation, Peoria, Ill., John B. Moser, Chicago, Ill., for West Cent. Broadcasting Co. et al.
 G. Gale Roberson, John B. Moser and George D. Newton, Jr., Chicago, Ill., for American Broadcasting-Paramount Theatres, Inc., et al.
 Before DUFFY, KNOCH and SWYGERT, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 Lar Daly is the plaintiff in three suits which are now before us on appeal.
 
 
 2
 In No. 13667, Columbia Broadcasting System, Inc. is the sole defendant. The suit was brought to recover compensatory damages of $146,075, and exemplary damages of $25,267,187 for the alleged violation of Sec. 315(a)[1] of the Federal Communications Act of 1934, as amended, 47 U.S.C.A. § 315(a).[2]
 
 
 3
 In No. 13683, the defendants are West Central Broadcasting Company and sixteen other broadcasting companies all located in the State of Illinois. This suit was brought to recover compensatory damages of $14,176.50 and exemplary damages in the sum of $703,087 for the alleged violation of said Sec. 315(a).
 
 
 4
 In No. 13739, the defendants are the American Broadcasting-Paramount Theatres, Inc., the Columbia Broadcasting System, Inc. and the National Broadcasting Company, Inc. In this case, plaintiff sought compensatory damages of $1,328,948, and exemplary damages in the sum of $68,270,644, again for the alleged violation of Sec. 315(a) of the Federal Communications Act of 1934, as amended.
 
 No. 13667
 
 5
 LAR DALY V. COLUMBIA BROADCASTING SYSTEM, INC.
 
 
 6
 The Chicago Municipal Primary Election was held on February 24, 1959. Plaintiff was a candidate for both the Democratic and Republican nomination for the office of Mayor. The complaint alleged his sole opponent in each party's primary was afforded free use of WBBM, located in Chicago, and that defendant Columbia Broadcasting System, Inc. was the licensee of this station. The complaint referred to seven locally originated news broadcasts during December 1958 and January 1959.
 
 
 7
 On February 11, 1959, plaintiff requested that defendant afford him free and equal time under Sec. 315(a) of the Act. Defendant refused this request. Plaintiff then appealed to the Federal Communications Commission which, on February 19, 1959, issued an order directing defendant to provide plaintiff with equal opportunity and equal time. Defendant refused to comply and on February 20, 1959, filed a petition for reconsideration with the Commission. As this petition was filed only four days prior to the primary election, it was improbable that action thereon could or would be taken before the primary election. The Commission's decision on the petition for reconsideration was released on June 17, 1959, and therein the Commission reaffirmed its decision of February 19, 1959.
 
 
 8
 Defendant moved to dismiss the complaint herein, asserting four grounds for dismissal: 1) No private cause of action exists for an alleged violation of Sec. 315 (a) of the Act; 2) Section 315(a), prior to the 1959 amendment, did not apply to regularly scheduled news broadcasts originated and controlled by the licensee; 3) A construction of Sec. 315(a) so as to hold it applicable to regularly scheduled news broadcasts would result in the statute violating the First and Fifth Amendments of the United States Constitution; and 4) If plaintiff ever had a cause or causes of action for equal time they arose at the time the broadcasts were made and are barred by the applicable statutes of limitation.
 
 
 9
 The District Court (Hon. Julius J. Hoffman) sustained the motion to dismiss on grounds 1 and 4. The decision was that no private cause of action exists to recover damages under Sec. 315(a) of the Act, but that if any cause of action ever existed, same was barred by the two-year Statute of Limitations of the State of Illinois, Ill.Rev.Stat.1961, c. 83, § 15.
 
 
 10
 There is no provision in Sec. 315(a), or in any other part of the Act, which gives a private individual a cause of action to recover damages for an alleged violation of the Act. In the twenty-eight years since the enactment of the Act, no court, as far as we are advised, has ever held that a private individual had a right of action against a licensee to recover damages for a violation of Sec. 315(a).
 
 
 11
 In Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U.S. 4, at page 14, 62 S.Ct. 875, at page 882, 86 L.Ed. 1229 the Supreme Court stated: "The Communications Act of 1934 did not create new private rights. The purpose of the Act was to protect the public interest in communications."
 
 
 12
 The Supreme Court referred to the political broadcast section of the Act in Farmers Educational & Cooperative Union of America, North Dakota Division v. WDAY, Inc., 360 U.S. 525, 79 S.Ct. 1302, 3 L.Ed.2d 1407. At 360 U.S. 534, 79 S.Ct. 1308, the Court said: "Instead the thrust of § 315 is to facilitate political debate over radio and television. Recognizing this, the Communications Commission considers the carrying of political broadcasts a public service criterion to be considered both in license renewal proceedings, and in comparative contests for a radio or television construction permit."
 
 
 13
 Plaintiff's main reliance is on Fitzgerald v. Pan American World Airways, Inc., 2 Cir., 229 F.2d 499. This case involved the Civil Aeronautics Act. Plaintiff sued for damages claiming the airline refused her passage on account of her race and color. The Civil Aeronautics Act provides that no air carrier shall subject any person to unjust discrimination, and in Sec. 403, 49 U.S.C.A. § 403, provides: "There is recognized and declared to exist in behalf of any citizen of the United States a public right of freedom of transit in air commerce through the navigable air space of the United States."
 
 
 14
 In Fitzgerald, the Court held (229 F.2d page 501) the statute was "enacted for the protection of a specified class" and that it created a civil right in members of that class for the vindication of which a civil action could be maintained.
 
 
 15
 However, Sec. 315(a) of the Act now before us, is of a different character. No private right is created for a candidate for a public office. The basic purpose of the Act is regulation in the public interest and not the creation of private rights.
 
 
 16
 Plaintiff also relies on Texas & Pacific Railway Company v. Rigsby, 241 U.S. 33, 39, 36 S.Ct. 482, 60 L.Ed. 874. That case involved the Safety Appliance Act (45 U.S.C.A. § 1 et seq.). It was held that Act was specifically designed by Congress to protect workers. An injured railroad worker was one of a class for whose special benefit the statute was enacted. However, there is nothing to indicate that Sec. 315(a) of the Act we are considering was intended by Congress to specifically benefit a special class of persons.
 
 
 17
 The only case cited by plaintiff which involves Sec. 315 of the Act is Weiss v. Los Angeles Broadcasting Co., Inc. et al., 9 Cir., 163 F.2d 313. Although Mrs. Weiss was a political candidate, her speech was not an "equal time" speech under Sec. 315. In that case, Mrs. Weiss had a contract with the defendant Broadcasting station. She claimed that her contract was breached by the broadcaster's violation of the censorship provision of Sec. 315 of the Act which is not in any way involved in the case at bar.
 
 
 18
 We hold that neither Sec. 315(a) of the Act in particular, nor the entire Act in general, created or authorized the bringing of a private cause of action to recover damages for violation of Sec. 315 (a) of the Act.
 
 
 19
 Although our holding that no cause of action was created is sufficient in itself to justify the order of dismissal by the District Court, we shall also consider the second ground of dismissal cited by the Court, i. e., the Statute of Limitations.
 
 
 20
 Plaintiff contends that the limitation period runs from the date of the primary election which was February 24, 1959. We hold the period of limitation ran from the occurrences which plaintiff claims entitled him to equal time, i. e., December 26, 1958; December 28, 1958; December 31, 1958; January 19, 1959 and January 25, 1959. The complaint herein was filed on March 15, 1961, more than two years later than any of these dates.
 
 
 21
 Plaintiff argues that in any event the five-year Illinois Statute of Limitations, Ill.Rev.Stat.1961, c. 83, § 16 applies. The District Court held that the two-year Statute was applicable, and we agree with the District Court.
 
 
 22
 In no event does plaintiff have a common law right to maintain his suit. Defendant is liable only if the Federal Communications Act can be deemed to impose such liability for its violation, either directly or by necessary implication.
 
 
 23
 The Illinois five-year Statute of Limitations applies to a "civil action not otherwise provided for." The Illinois two-year Statute of Limitations applies to actions for a "statutory penalty."
 
 
 24
 Chapter 83, § 15 of the Illinois Revised Statutes provides: "Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, * * * shall be commenced within two years next after the cause of action accrued."
 
 
 25
 The penalty nature of the instant suit is indicated by plaintiff's request for exemplary damages in excess of $25,000,000. Illinois cases demonstrate that if an individual is subjected to civil liability for the violation of a regulatory statute for the general protection of the public, such liability is penal in character and barred by the two-year statute of limitations. See M. H. Vestal Company v. Robertson, 277 Ill. 425, 115 N.E. 629; Gridley v. Barnes et al., 103 Ill. 211. This Court has held that in actions brought under the antitrust laws to recover treble damages, the two-year statute applies. Schiffman Bros., Inc. v. Texas Co., 7 Cir., 196 F.2d 695, and Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., et al., 7 Cir., 191 F.2d 912.
 
 
 26
 We hold that in any event, plaintiff's complaint is barred by the Illinois two-year statute of limitations, and the District Court was correct in granting the motion to dismiss. We find it unnecessary to discuss the additional two grounds urged by defendant.
 
 No. 13683
 
 27
 LAR DALY v. WEST CENTRAL BROADCASTING COMPANY, et. al.
 
 No. 13739
 
 28
 LAR DALY v. AMERICAN BROADCASTING-PARAMOUNT THEATRES, INC., et al.
 
 
 29
 Considering first No. 13683, the plaintiff again bases his claim upon an alleged violation of Sec. 315(a) of the Communications Act of 1934, as amended. The event described in the complaint occurred during the period immediately preceding the Presidential Preference Primary Election of the Republican Party in Illinois held on April 10, 1956. Plaintiff claims he was a "legally qualified candidate" in the States of Illinois, Indiana and Montana, for the office of the President of the United States. The complaint alleges that the radio and television networks therein described and designated, afforded plaintiff's opponent, Dwight D. Eisenhower, free use of their broadcasting and telecasting facilities. Plaintiff alleges that on March 5, 1956, he requested free and equal time, but that such request was denied.
 
 
 30
 Several motions to dismiss were filed. The District Court, 201 F.Supp. 238 (Hon. Frederick O. Mercer) granted the motions because the Communications Act of 1934, as amended, provided "no statutory basis for this private cause of action." We hold the District Court was correct in dismissing the action.
 
 
 31
 In view of our discussion heretofore on the motions to dismiss in No. 13667, no further reasons need here be stated for our decision in this case.
 
 
 32
 In No. 13739, plaintiff's action was brought to recover monetary damages occasioned by the alleged infraction of Sec. 315(a) of the Federal Communications Act of 1934, as amended. It was further alleged that plaintiff and Dwight D. Eisenhower had been certified as "legally qualified candidates" for the 1956 Republican Party nomination for the office of the President of the United States at the April 10, 1956 Illinois State Presidential Primary Election. The complaint contained allegations of demands by plaintiff for "equal time", and the refusal of defendants to grant same.
 
 
 33
 Various motions to dismiss the complaint were made and the District Court (Hon. Hubert L. Will) granted the motions to dismiss. The Court based its order of dismissal on (a) res judicata, (b) no private right for damages is created by Sec. 315(a) of the Act, and (c) the Illinois two-year statute of limitations is applicable. We have hereinbefore discussed (b) and (c). We think there is no necessity for considering the question of res judicata, as the other two grounds were sufficient basis for the order of dismissal.
 
 
 34
 The judgment of dismissal in each suit designated respectively as No. 13667, 13683 and 13739 is
 
 
 35
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Sec. 315(a) as amended, but prior to the amendment of Sept. 14, 1959, provided:
 "(a) If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting stations: Provided, That such licensee shall have no power of censorship over the material broadcast under the provisions of this section. No obligation is imposed upon any licensee to allow the use of its station by any such candidate."
 
 
 [2]
 The Federal Communications Act of 1934, as amended prior to Sept. 3, 1959, will sometimes hereinafter be referred to as the "Act."