195 So.2d 524

John G. CROMMELIN

v.

**CAPITOL BROADCASTING COMPANY,
d/b/a WCOV–TV et al.**

**3 Div. 237.**

Supreme Court of Alabama.

Feb. 16, 1967.

Kenneth Cooper, Bay Minette, for appellant.

Truman Hobbs, Godbold, Hobbs & Copeland, Montgomery, for appellees.

PER CURIAM.

The trial court sustained demurrers to the two counts of plaintiff's complaint and plaintiff took a nonsuit and appealed.

The first argued assignments of error contend that the court erred in sustaining the demurrers to the complaint.

Count One reads:

"The Plaintiff claims of the Defendants One Hundred Thousand ($100,000.-00) Dollars, as damages for fraudulently informing the Plaintiff via United States Mail, on March 26, 1964, that 'We (WCOV) will be able to offer time for speeches only to candidates engaged in Montgomery County races,' and then surreptitiously making time available for speeches over WCOV-TV To the Plaintiff's state-wide opponents at a premium time, and for refusal of the Defendants to permit the Plaintiff to use the television broadcasting facilities of the Defendants on equal time with other political candidates during the Democratic Primary Election campaign of the State of Alabama, during the month of May, 1964, and the Plaintiff says that although he requested equal time with his political opponents and other political candidates from the Defendants, and the Plaintiff offered to comply with all political tele-

casting rules and regulations on his part, the Defendants failed to make available to the Plaintiff equal political broadcasting time with his opponents and other political candidates, hence this suit."

Count Two reads the same as Count One except for the next to last clause which reads " * * * the defendants wantonly, willfully and maliciously failed to make available to the Plaintiff equal political broadcasting time with his opponents and other political candidates, hence this suit."

A demurrer is an entity and should be sustained if any ground shows a good reason for doing so; and if any ground is well taken, the action of the trial court in sustaining the demurrer will be upheld. State v. Mudd, 273 Ala. 579, 143 So.2d 171, and cases there cited.

The first theory of each count is that defendants "fraudulently informed" plaintiff of certain things. There are no allegations which would bring either count under Tit. 7, § 108—Misrepresentations, § 109—Suppression of a material fact, or § 110—Deceit. There is no magic in the use of the word "fraudulently" unless the averments show a set of facts or consequences which constitute fraud under Alabama law.

Fraud is a conclusion of law from facts stated and proved. When fraud is pleaded, either at law or equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud, without such facts, is subject to apt demurrer properly interposed. Turner v. Sullivan, 272 Ala. 608, 133 So.2d 254; National Park Bank of New York v. Louisville & N. R. R. Co., 199 Ala. 192, 216, 74 So. 69, 80. No facts showing actionable fraud are alleged and several grounds of demurrer raised the point.

The basic concept of fraud involves violation of a legal or equitable duty, Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571; and "conversely fraud cannot exist without a breach of legal or equitable duty" and "it not being fraud for a person to fail to perform acts which he is not bound to perform." 37 C.J.S. Fraud § 1, pp. 204, 205.

Here, no duty is alleged as owing by the defendants to plaintiff, the breach of which proximately caused an injury to plaintiff. Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527.

Appellant evidently concedes that there was no duty or breach in this case because in brief he candidly states that he has found no authority for the proposition that there is a common law duty of a television broadcaster to treat all political candidates alike and a corresponding right in all candidates to be treated alike; and he suggests that this court establish a precedent in that direction.

So far as we are advised, there is no Alabama law on the subject, and the only applicable statute, is 47 U.S.C.A. § 315, as amended, and the remedy under that section is administrative.

In Daly v. Columbia Broadcasting System, Inc., 309 F.2d 83 (1962) 7th Cir., it was held that neither § 315, supra, nor the entire act gives a private individual a cause of action to recover damages for an alleged violation of the act by refusing equal time to a candidate for public office; that no private right is created for a candidate for public office and in no event did the plaintiff candidate have a common law right to maintain his suit.

The court also said: "In the twenty-eight years since the enactment of the Act, no court, as far as we are advised, has ever held that a private individual had a right of action against a licensee to recover damages for a violation of Sec. 315(a)."

We deem it unnecessary to discuss other grounds of the demurrers which were well

taken. The trial court properly sustained the demurrers to each count of the complaint.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.