238 So.2d 540

Willie Mack BROWN

v.

W. R. M. A. BROADCASTING COMPANY,
Inc., a Corporation, et al.

3 Div. 374.

Supreme Court of Alabama.

Aug. 6, 1970.

Matthis W. Piel, Montgomery, for appellant.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, for appellees.

BLOODWORTH, Justice.

This case was originally assigned to another justice of this court. It was recently reassigned to the writer.

Plaintiff appeals from a judgment of voluntary nonsuit, taken with leave to appeal, contending the trial court erred to reversal in sustaining defendant W.R.M.A. Broadcasting Company's demurrer to his complaint.

The complaint is as follows:

"The plaintiff claim[s] of the defendants the sum of One hundred thousand and no/100 (100,000.00) Dollars, as damages for falsely and maliciously charging the plaintiff was fired and re-hired by the City of Montgomery and committing assault and battery by speaking of and concerning him in the presence of divers persons as follows: By announcing over the radio station known as W.R.M.A. that Willie Mack Brown had been fired from the Police Department under the Sullivan Administration and re-hired recently under the Rucker Administration and that he had been involved in a recent beating of a colored woman on, to-wit: the 12th day of November, 1967."

It is plaintiff's position that his complaint is an action for slander. Defendant W.R.M.A. Broadcasting Company accepts this position though it points out that radio broadcasts have been held to be libel, citing Metropolitan Life Ins. Co. v. Knickerbocker Broadcasting Co., (N.Y.) 172 Misc. 811, 15 N.Y.S.2d 193; Hryhorijiv v. Winchell, (N.Y.) 180 Misc. 574, 45 N.Y.S.2d 31, aff'c 267 App.Div. 817, 47 N.Y.S.2d 102. Since this issue is not directly presented to us on this appeal, we need not consider whether the action is libel or slander. For the purposes of this appeal, we consider the action to be slander, as the parties do.

Plaintiff contends the trial court was in error because it sustained the demurrer to the complaint. Defendant W.R.M.A. Broadcasting Company contends the complaint was demurrable because: there is a misjoinder of assault and battery and slander; the alleged slander is not slanderous per se, and plaintiff has failed to allege special damages; the date of the alleged slander is not set out; there can be no recovery for the alleged defamation because the police officer-plaintiff is a public official and it is not alleged to have been made with actual malice and with an awareness by defendant of its probable falsity.

■ As defendant aptly observes in brief:

"Where defendant assigns several grounds of demurrer to the complaint, and the court sustains the demurrer, and the plaintiff declines to plead further and appeals from the judgment sustaining the demurrer, this court on appeal from the judgment must sustain the trial court if any one ground of the demurrer was properly sustained."

We agree. Thus, we need only to consider whether the complaint is demurrable on any one ground. Crommelin v. Capitol Broadcasting Co., 280 Ala. 472, 474, 195 So.2d 524 (1967).

It is clear from our decisions that in a slander action, to constitute slander actionable per se, the alleged slander must impute an indictable offense involving infamy or moral turpitude. Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171 (1927), quoted with approval in Tonsmeire v. Tonsmeire, 281 Ala. 102, 199 So.2d 645 (1967). We do not think the alleged slander here is actionable per se. We do not believe that being "fired and rehired" imputes an indictable offense involving infamy or moral turpitude; nor does "committing assault and battery" (assuming it is a part of the defamation charged). Dudley v. Horn, 21 Ala. 379; Gillman v. State, 165 Ala. 135, 136, 51 So. 722. "Infamy" is defined by Black's Law Dictionary, Fourth Edition, as:

"INFAMY. A qualification of a man's legal *status* produced by his conviction of an infamous crime and the consequent loss of honor and credit, which, at common law, rendered him incompetent as a witness, and by statute in some jurisdictions entails other disabilities. State v. Clark, 60 Kan. 450, 56 P. 767."

"Moral turpitude signifies an inherent quality of baseness, vileness, depravity." Gillman v. State, supra.

However, as the court pointed out in Marion v. Davis, supra, viz:

"This distinction, however, does not deny the right to maintain an action for slander founded on oral malicious defamation subjecting the plaintiff to disgrace, ridicule, odium, or contempt, though it falls short of imputing the commission of such crime or misdemeanor. In such case the law pronounces the words actionable per quod only, and *the plaintiff must allege and prove special damages as an element of the cause of action. * * *"* [Emphasis supplied]

"Per quod" is defined in Black's Law Dictionary, Fourth Ed., at p. 1293:

"PER QUOD. Lat. Whereby. When the declaration in an action of tort, after stating the acts complained of, goes on to allege the consequences of those acts as a ground of special damage to the plaintiff, the recital of such consequences is prefaced by these words, '*per quod*,' whereby; and sometimes the phrase is used as the name of that clause of the declaration.

"Words 'actionable per quod' are those not actionable per se upon their face, but are only actionable in consequence of extrinsic facts showing circumstances under which they were said or the damages resulting to slandered party therefrom. Smith v. Mustain, 210 Ky. 445, 276 S.W. 154, 155, 44 A.L.R. 386." [1]

It seems clear that since no allegation of special damages is made in the complaint, the demurrers were properly sustained by the trial court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.

1. See discussion of "Per Se and Per Quod" in article, Blanton, Special Damage as an Element in Defamation Actions in Alabama, 2 Ala.L.Rev. 1, 6 (1949). See also article, Hare & Hare, Principal Alabama Actions in Tort, Part II, 22 Ala.L.Rev. 361, 399 (1970).