Norman Ceravolo brought suit against Norman Brown for malicious prosecution and slander. Summary judgment was entered for Brown. Ceravolo appeals only as to the slander action. Because the complaint does not sufficiently allege a claim for relief for slander, even under our liberalized rules of procedure, we affirm.
Brown, an attorney in Bessemer, has been acting as counsel in a suit brought by MetroBank against Ceravolo and others. Ceravolo claims that during the pendency of that suit he has been the subject of several abusive outbursts by Brown. Ceravolo, acting pro se, brought a separate suit against Brown originally for malicious prosecution. Brown sought summary judgment on the grounds that the MetroBank suit was still pending. Subsequent to the filing of the motion for summary judgment, Ceravolo amended his complaint to base the action on slander. Brown, consequently, amended his motion to encompass the slander action. On summary judgment the trial court considered the affidavits of both parties as well as the entire record in the MetroBank suit, and entered judgment for defendant Brown. Ceravolo appeals, asserting that the complaint and affidavits entitled him to a jury trial on the slander count.
Brown's motion for summary judgment was based on two propositions: (1) that the amended complaint did not sufficiently state a claim upon which relief can be granted, and (2) that Brown is immune from suit as attorney in the MetroBank action. Since we find that the first contention is meritorious, we do not reach the question of any possible immunity for Brown.
The substance of the amended complaint is as follows:
 "The Defendant, Norman K. Brown, has on numerous occasions, and before people, threatened the Plaintiff with arrest and criminal prosecution, and did have others call and threaten the same. Defendant has called Plaintiff a dead beat and a crook, and has threatened before a large group of people to drive the Plaintiff crazy. Defendant has by his numerous malicious actions against this Plaintiff, including his use of abusive, insulting and offensive language and use of ethnic slurs against the Plaintiff, attempted to slander and libel the Plaintiff and to ruin his reputation and indeed drive him crazy.
 "Plaintiff will show unto this Honorable Court that as a direct result of the Defendant's actions, his reputation has been irreparably damaged, he has been ruined in the business community, and his credit standing has been diminished."
Initially, we note that Ceravolo has not alleged any special damages. To state a claim Ceravolo's allegations must charge slander per se.
This Court outlined the requirements for slander per se inMarion v. Davis, 217 Ala. 16, 114 So. 357 (1927):
 "The right to the enjoyment of a private reputation unassailed by malicious slander, is of ancient origin, and is necessary to human society. A good reputation is an element of personal security, and is protected by the Constitution equally with the right to the enjoyment of life, liberty, and property. Constitution of 1901, § 13. . . . The foundation of an action for libel or slander is a malicious injury to reputation, and any false and malicious imputation of crime or moral delinquency by one published of *Page 1157 
and concerning another, which subjects the person to disgrace, ridicule, odium, or contempt in the estimation of his friends and acquaintances, or the public, with resulting damage to his reputation, is actionable either per se or per quod . . .
 "There is a distinction between actions of libel predicated on written or printed malicious aspersions of character, and actions of slander resting on oral defamation. . . . This distinction, however, is merely in respect to the question as to whether the imputed language or words are actionable per se.
 "In cases of libel, if the language used exposes the plaintiff to public ridicule or contempt, though it does not embody an accusation of crime, the law presumes damage to the reputation, and pronounces it actionable per se. While to constitute slander actionable per se, there must be an imputation of an indictable offense involving infamy or moral turpitude. . . .
 "This distinction, however, does not deny the right to maintain an action for slander founded on oral malicious defamation subjecting the plaintiff to disgrace, ridicule, odium, or contempt, though it falls short of imputing the commission of such crime or misdemeanor. In such case the law pronounces the words actionable per quod only, and the plaintiff must allege and prove special damages as an element of the cause of action."
The rules enunciated in this case have been consistently followed within this state and were most recently reaffirmed inBrown v. W.R.M.A. Broadcasting Co., Inc., 286 Ala. 186,238 So.2d 540 (1970). See also Bryan v. Brown, 339 So.2d 577 (Ala. 1976). While it may be odious to berate someone in public with threats and ethnic slurs and to attack someone with epithets such as "dead beat" and "crook," such questionable behavior is, nevertheless, not actionable in Alabama absent allegations of special damages. Even under our liberalized rules of procedure, Rule 9 (g) ARCP still requires special damages to be specifically stated, and without them Ceravolo's complaint does not state a claim upon which relief can be granted.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.